**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:14-cv-00976 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| MUNOZ, et al., | |
| Defendants. | |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 23, 2014.[1] He names Correctional Officer Munoz as Defendant.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] On July 24, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. He was housed at Corcoran Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, when the events giving rise to this action took place.

Plaintiff alleges the following. On September 9, 2013, Plaintiff wrote a CDC-602 appeal form regarding Defendant Munoz. Plaintiff states Munoz had made threats toward him during Third Watch. Two to three days later, Plaintiff was escorted to the program office to speak to a Correctional Lieutenant. Prior to entering the office, Plaintiff was placed in a security cage and strip

2

searched for no reason. Plaintiff states he believes the strip search was done out of retaliation for reporting threats made by Defendant Munoz. An unknown Sergeant and Lieutenant then humiliated Plaintiff by talking about his body parts to their female co-workers. After the search, Plaintiff was insulted in a disrespectful manner by the Lieutenant in charge of C-yard. Plaintiff explained during the interview that he was subjected to female sexual harassment, make correctional officer threats, and other threats against Plaintiff.

On December 21, 2013, Plaintiff received an interview from Lieutenant C. Alvarez. Alvarez stated that the 602 appeal form was never received at the appeals office. Plaintiff states he advised Alvarez that the Sergeant on C-yard tampered with the documents and withheld information from the log books to cover for his co-worker Defendant Munoz. Therefore, Plaintiff rewrote the entire complaint on a new 602 appeal form and submitted it.

Plaintiff seeks compensatory and punitive damages from Defendant Munoz. He further seeks declaratory relief.

**C.     DISCUSSION**

   1.     Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so," Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)), and even the mere threat of harm can be sufficiently adverse to support a retaliation claim, Brodheim, 584 F.3d at 1270. Therefore, Plaintiff's allegations are sufficient to show that he was engaged in protected conduct and that removal from the law library list constituted an adverse action against him.

However, Plaintiff's conclusory allegations do not sufficiently support an inference that he was strip searched (1) because of the 602 appeal he filed against Defendant Munoz and (2) in the

3

absence of a legitimate correctional goal.  While proximity in time between engagement in protected conduct and the alleged retaliation may suffice to support the existence of a retaliatory motive, McCollum v. California Department of Corrections and Rehabilitation, 647 F.3d 870, 882 (9th Cir. 2011), here Plaintiff's allegations amount to nothing more than a conclusion that the strip search was retaliatory, see Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (after this, therefore because of this is a logical fallacy).  "Mere speculation that [a defendant] acted out of retaliation is not sufficient," Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014), and the complaint lacks of any specific facts supporting improper motive.  Watison, 668 F.3d at 1114.  The Court is mindful that Plaintiff is proceeding pro se and this is the pleading stage, but the mere possibility of misconduct fails to support a claim.   Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.  In addition, Defendant Munoz did not take the alleged retaliatory action.  Therefore, Plaintiff fails to state a claim of retaliation against Defendant Munoz.

### 2. Verbal Harassment

Plaintiff alleges that Defendant Munoz made threats against him during Third Watch on C-yard.  Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Therefore, Plaintiff fails to state a claim concerning threats made by Defendant Munoz.

### 3. Inmate Appeal Process

Plaintiff also complains that his initial 602 appeal form was mishandled or destroyed by a sergeant on C-yard.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Thus, Plaintiff fails to state a claim concerning the filing of the initial 602 appeal.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 4, 2015**                              /s/ *Dennis L. Beck*
                                                                   UNITED STATES MAGISTRATE JUDGE

5