# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MUNOZ, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00976 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBPOENA TRANSCRIPTS<br><br>[ECF No. 17] |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 23, 2014.[1] He names Correctional Officer Munoz as Defendant. On June 5, 2015, the Court dismissed the complaint with leave to file an amended complaint. On June 19, 2015, Plaintiff filed a First Amended Complaint.

On July 23, 2015, Plaintiff filed the instant motion for a subpoena directed to Kings County Superior Court to obtain transcripts of a sentencing hearing held in Plaintiff's criminal case. The discovery phase of this litigation is not yet open. Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to

---

[1] On July 24, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge.

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In this case, the Court has not yet screened the First Amended Complaint, and service has not yet been authorized.  Therefore, Plaintiff's motion for discovery is premature.

Further, assuming that Plaintiff is able to state a claim, the pendency of this action will not entitle Plaintiff to the issuance of a subpoena directed toward the Kings County Superior Court for issuance of transcripts.  Plaintiff may not challenge his underlying conviction in a civil rights action; he must do so by way of a habeas corpus petition.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973).   In this case, the Court's jurisdiction will be limited to the issuance of orders that remedy the underlying legal claim.  Id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for issuance of a subpoena is DENIED.

IT IS SO ORDERED.

Dated:     **July 25, 2015**                              /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE