1

2

3

4

5

6

7

8

9                           **UNITED STATES DISTRICT COURT**

10                          EASTERN DISTRICT OF CALIFORNIA

11

12    GUILLERMO TRUJILLO CRUZ,                 Case No. 1:14-cv-00976 DLB PC

13                    Plaintiff,               ORDER DISMISSING COMPLAINT
                                               WITH PREJUDICE
14        v.
                                               ORDER DIRECTING CLERK OF COURT TO
15    MUNOZ, et al.,                           CLOSE CASE

16                    Defendants.

17

18          Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding pro se and in

19    forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June

20    23, 2014.[1]  On June 5, 2015, the Court screened the complaint and dismissed it with leave to amend.

21    On June 19, 2015, Plaintiff filed a First Amended Complaint ("FAC").  Plaintiff names Correctional

22    Officer Munoz and Correctional Lieutenant Alvarez as Defendants.

23    **A.      SCREENING REQUIREMENT**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28
_____
[1] On July 24, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual

allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

(9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or

omissions of each named defendant to a violation of his rights; there is no respondeat superior

liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.

at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California.  He was

housed at Corcoran Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, when

the events giving rise to this action took place.

Plaintiff alleges the following.  On September 9, 2013, Plaintiff filed a CDC-602 complaint

against Defendant Munoz for threats against him.  On September 13, 2013, Plaintiff was summoned

2

to Facility C Program Office to speak to Defendant Alvarez.  Prior to entering the office, Defendant Alvarez ordered a co-worker to place Plaintiff into a holding cell for a strip search, although there was no emergent reason.  Plaintiff states he believes the strip search was done out of retaliation for reporting misconduct of Defendant Munoz.  Defendant Alvarez then humiliated Plaintiff by talking about his body parts to a female vocational nurse.  After the search was completed, Defendant Alvarez stated he had seen Plaintiff throw something behind the holding cell cage.  Plaintiff contends this was a false allegation.  Defendant Alvarez ordered a second search of Plaintiff, allegedly to harass Plaintiff.  After the second search, Defendant Alvarez advised Plaintiff that he was being re-housed to administrative segregation because correctional officers had discovered narcotics (heroin) behind the holding cell that he had been in.

After Plaintiff was advised of his removal from Facility-C yard for distribution of heroin, Plaintiff asked Defendant Alvarez if he could speak to the facility captain.  His request was denied.

Later, Defendant Alvarez came to Plaintiff and advised him that since there was no more room in administrative segregation, he would be transferred to Building Three Section A until space opened up in administrative segregation.

The next day, Plaintiff was summoned to the program office at Facility-C.  Defendant Alvarez then returned all of Plaintiff's personal property and said he was being transferred from Facility-C Lower Yard Building Three to Facility-C Upper Yard Building Five.

On November 1, 2013, Plaintiff was the victim of an assault with a deadly weapon.  He alleges correctional officers were behind the attack, and took this action to thwart his grievance complaints.

Plaintiff seeks declaratory judgment, punitive damages in the amount of $25,000.00, costs of suit, and a jury award.

C.    **DISCUSSION**

1.    Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so," Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)), and even the mere threat of harm can be sufficiently adverse to support a retaliation claim, Brodheim, 584 F.3d at 1270. Here, the filing of a grievance is protected conduct, and Plaintiff's allegations are sufficient to show that the strip searches, false allegations, transfers, and assault constituted adverse actions against him.

However, as with the initial complaint, Plaintiff's conclusory allegations do not support an inference that adverse action was taken against him (1) because of the 602 appeal he filed against Defendant Munoz and (2) in the absence of a legitimate correctional goal. While proximity in time between engagement in protected conduct and the alleged retaliation may suffice to support the existence of a retaliatory motive, McCollum v. California Department of Corrections and Rehabilitation, 647 F.3d 870, 882 (9th Cir. 2011), here Plaintiff's allegations amount to nothing more than a conclusion that the adverse actions were retaliatory, see Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (after this, therefore because of this is a logical fallacy). "Mere speculation that [a defendant] acted out of retaliation is not sufficient," Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014), and the complaint lacks of any specific facts which support improper motive on Defendants' part. Watison, 668 F.3d at 1114. Like the initial complaint, there are no facts supporting Plaintiff's assertion that Defendant Alvarez took adverse action because of the grievance filed against Munoz. The Court is mindful that Plaintiff is proceeding pro se and this is the pleading stage, but the mere possibility of misconduct fails to support a claim. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Therefore, the Court finds that Plaintiff fails to state a claim of retaliation against Defendant Alvarez. As to Defendant Munoz, Plaintiff makes no allegation that he took any adverse action against him in retaliation for filing a complaint against him. Therefore, Plaintiff fails to state a claim of retaliation against Defendant Munoz. With respect to Plaintiff's claim of an assault on his person, Plaintiff made no mention of this in his initial complaint. In addition, the claim is completely unsupported by any specific facts and fails to identify any

4

defendant responsible.

2. Verbal Harassment

Plaintiff alleges that Defendant Munoz made threats against him during Third Watch on C-yard.  He also alleges that Defendant Alvarez ridiculed him in front of others.  Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Therefore, Plaintiff fails to state a claim concerning threats made by Defendant Munoz or verbal abuse by Defendant Alvarez.

3. Transfer to Another Yard

Plaintiff also complains that he was transferred to another yard in violation of his due process rights.  Prisoners do not have a constitutional right to a particular classification status, Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S.Ct. 274 (1976), or to be incarcerated at a particular correctional facility, Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976).  Accordingly, absent a motive that implicates constitutional concerns, Plaintiff's transfer to another unit or yard does not give rise to a claim for relief.  Plaintiff has alleged no facts that would support a motive implicating constitutional concerns being behind the changes.  Plaintiff's bare assertion that Defendant Alvarez initiated a transfer as a result of his grievance against Munoz is conclusory and unsupported.  In addition, there is no indication that Plaintiff suffered any hardship as a result of the transfer.  Accordingly, Plaintiff's allegations fail to give rise to any claims for relief under section 1983.

**D.   CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with the opportunity to amend and he was unable to cure the deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130.  Based on the nature of the deficiencies, further leave to amend is not warranted, and the Court HEREBY ORDERS as follows:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim under section 1983;

2. The Clerk of Court is DIRECTED to enter judgment; and

3.      The dismissal counts as a strike under 28 U.S.C. § 1915(g).

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **May 11, 2016**                    _____**/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE