UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MUNOZ and ALVAREZ,<br><br>　　　　　Defendants. | Case No. 1:14-cv-00976-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED AGAINST DEFENDANT ALVAREZ ON PLAINTIFF'S CLAIM FOR UNREASONABLE SEARCHES IN VIOLATION OF THE FOURTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NOS. 14 & 19)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

　　　Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　Based only on Plaintiff's consent, on May 11, 2016, the Court dismissed this action, with prejudice, for failure to state a claim upon which relief could be granted.[1]  (ECF No. 19).

　　　Plaintiff appealed.  (ECF No. 21).  The United States Court of Appeals for the Ninth Circuit vacated and remanded because not all parties had consented to magistrate judge jurisdiction before the magistrate judge dismissed the action, which is required for jurisdiction to vest in the magistrate judge.  Williams v. King, 875 F.3d 500 (9th Cir. 2017); (ECF Nos. 27

---

[1] The order was issued by Magistrate Judge Sandra M. Snyder.

1

& 31).

As described below, this Court will recommend that the assigned district judge dismiss claims consistent with the order by the magistrate judge at the screening stage. However, the magistrate judge did not address Plaintiff's Fourth Amendment claim. The Court has reviewed Plaintiff's allegations regarding his Fourth Amendment claim, and will recommend allowing this case to proceed against defendant Alvarez on Plaintiff's claim for unreasonable searches in violation of the Fourth Amendment.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a

plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff was housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, when the events giving rise to this action took place.

Plaintiff alleges the following. On September 9, 2013, Plaintiff filed a 602 complaint against defendant Munoz for threats against him. On September 13, 2013, Plaintiff was summoned to Facility C Program Office to speak to defendant Alvarez regarding the 602. As Plaintiff entered the office, defendant Alvarez asked his employee co-worker to place Plaintiff into a holding cell for a body-cavity strip search, although there was no emergency reason. Plaintiff alleges the strip search was done in retaliation for his reporting the misconduct of defendant Munoz.

Defendant Alvarez then humiliated Plaintiff by talking about his body parts to a female vocational nurse. After the search was completed, defendant Alvarez stated he had seen Plaintiff throw something behind the holding cell cage. Plaintiff contends this was a false allegation. Defendant Alvarez then ordered a second strip search of Plaintiff, allegedly to harass Plaintiff.

After the second search, defendant Alvarez advised Plaintiff that he was being re-housed to administrative segregation because correctional officers had discovered narcotics (heroin) behind the holding cell that he had been in.

After Plaintiff was advised of his removal from Facility-C yard for distribution of heroin, Plaintiff asked defendant Alvarez if he could speak to the facility captain. His request was denied.

Later that same day, defendant Alvarez came to Plaintiff and advised him that since there was no more room in administrative segregation, he would be transferred to Building Three Section A until space opened up in administrative segregation.

The next day, Plaintiff was summoned to the program office at Facility-C. Defendant Alvarez returned all of Plaintiff's personal property and said he was being transferred from Facility-C Lower Yard Building Three to Facility-C Upper Yard Building Five.

On November 1, 2013, Plaintiff was the victim of an assault with a deadly weapon. He alleges correctional officers ordered the attack, and that they took this action to prohibit Plaintiff from exercising his right to file grievances.

Plaintiff seeks declaratory judgment, punitive damages in the amount of $25,000, and costs of suit.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. First Amendment Claim for Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so," Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)), and even the mere threat of harm can be sufficiently adverse to support a retaliation claim, Brodheim, 584 F.3d at 1270.

Here, the filing of a grievance is protected conduct, and Plaintiff's allegations are sufficient to show that the strip searches, false allegations, transfers, and assault constituted adverse actions against him.

However, as with the initial complaint, Plaintiff's conclusory allegations do not support an inference that adverse action was taken against him because of the 602 he filed against defendant Munoz. While proximity in time between engagement in protected conduct and the alleged retaliation may suffice to support the existence of a retaliatory motive, McCollum v. California Department of Corrections and Rehabilitation, 647 F.3d 870, 882 (9th Cir. 2011), here Plaintiff's allegations amount to nothing more than a conclusion that the adverse actions

were retaliatory, see Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) ("'after this, therefore because of this,'" is a logical fallacy). "Mere speculation that [a defendant] acted out of retaliation is not sufficient," Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014), and the complaint lacks of any specific facts which support improper motive on Defendants' part. Watison, 668 F.3d at 1114. Like the initial complaint, there are no facts supporting Plaintiff's assertion that defendant Alvarez took adverse action because of the grievance filed against defendant Munoz. The Court is mindful that Plaintiff is proceeding *pro se* and this is the pleading stage, but the mere possibility of misconduct fails to support a claim. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Therefore, the Court finds that Plaintiff fails to state a claim of retaliation against defendant Alvarez.

As to defendant Munoz, Plaintiff makes no allegation that defendant Munoz took any adverse action against Plaintiff in retaliation for Plaintiff filing a complaint against him. Therefore, Plaintiff fails to state a claim of retaliation against defendant Munoz as well.

With respect to Plaintiff's claim of an assault on his person, which was allegedly done with the intent to prevent Plaintiff from exercising his right to file grievances, Plaintiff made no mention of this in his initial complaint. In addition, the claim is completely unsupported by any specific factual allegations and fails to identify any defendant responsible. Accordingly, Plaintiff has failed to state a claim based on these allegations.

### C. Verbal Harassment

Plaintiff alleges that defendant Munoz made threats against. He also alleges that Defendant Alvarez ridiculed him in front of others. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats alone do not rise to the level of a constitutional violation, see Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim based on threats made by defendant Munoz or verbal abuse by defendant Alvarez.

///

///

### D. Transfer to Another Yard

Plaintiff also complains that he was transferred to another yard in violation of his due process rights. The due process clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Meachum v. Fano, 427 U.S. 215, 225 (1976).

Accordingly, absent a motive that implicates constitutional concerns, Plaintiff's transfer to another unit or yard does not give rise to a claim for relief. Plaintiff has alleged no facts that would support a motive implicating constitutional concerns being behind the changes. Plaintiff's bare assertion that defendant Alvarez initiated a transfer as a result of his grievance against defendant Munoz is conclusory and unsupported. In addition, there is no indication that Plaintiff suffered any hardship as a result of the transfer.

### E. Strip Searches

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id.; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 972 (9th Cir. 2010) (en banc).

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull, 595 F.3d at 974–75. "[I]ncarcerated prisoners retain a limited right to bodily privacy." Michenfelder, 860 F.2d at 333 (9th Cir. 1988). The United States Court of Appeals for the Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from view

of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." York v. Story, 324 F.2d 450, 455 (9th Cir. 1963); see also Michenfelder, 860 F.2d at 333 (same). "The [Supreme] Court [has] obviously recognized that not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder, 860 F.2d at 332.

While Plaintiff has not alleged sufficient facts connecting the body-cavity strip searches to the filing of the 602, the Court finds that Plaintiff has stated a cognizable Fourth Amendment claim against defendant Alvarez based on the strip searches. Plaintiff has alleged that he was taken to defendant Alvarez's office to discuss the 602 he filed. Based on the allegations in the complaint, it does not appear that defendant Alvarez had a legitimate reason for ordering that Plaintiff be strip searched when Plaintiff walked into his office. While these allegations alone may not have been enough to state a cognizable claim for violation of the Fourth Amendment, Plaintiff has also alleged that defendant Alvarez verbally harassed Plaintiff during the strip search by telling a female nurse that Plaintiff has a small penis with a patch of hair, and then made up a reason to immediately strip search Plaintiff again.

Based on these allegations, the Court finds that Plaintiff has sufficiently alleged that the searches were unreasonable in violation of the Fourth Amendment, and thus has stated a cognizable Fourth Amendment claim against defendant Alvarez.

### F. Failure to Process Grievance

Plaintiff alleges that defendant Alvarez failed to take action on his 602 grievance. However, "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (alteration in original) (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth

Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Accordingly, Plaintiff fails to state a claim based on his allegation that defendant Alvarez failed to take action on his 602.

**IV.   CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's First Amended Complaint states a cognizable claim against defendant Alvarez for unreasonable searches in violation of the Fourth Amendment. The Court also finds that Plaintiff failed to state any other cognizable claims.

The Court does not recommend granting further leave to amend. Plaintiff filed his First Amended Complaint after receiving ample legal guidance from the Court, and further leave to amend appears to be futile.

Accordingly, based the foregoing, the Court HEREBY RECOMMENDEDS that this action proceed against defendant Alvarez on Plaintiff's claim for unreasonable searches in violation of the Fourth Amendment, and that all other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2018**                     /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE