UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O MUNOZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01215-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. Nos. 44, 45) |

Plaintiff Guillermo Trujillo Cruz is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Previously, this action was dismissed for the failure to state a cognizable claim, on May 17, 2016. (Doc. No. 21.) On February 27, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (Doc. No. 30.) Specifically, the Ninth Circuit found that all the parties, including unserved defendants, had not consented to proceed before a United States Magistrate Judge, and therefore the dismissal order was vacated and the case was remanded for further proceedings pursuant to *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017). (*Id.*) The Ninth Circuit's mandate was issued on August 3, 2018. (Doc. No. 33.)

Following an additional amendment of Plaintiff's complaint, on September 25, 2018, the assigned Magistrate Judge issued findings and recommendations recommending that this action proceed

1

on Plaintiff's third amended complaint against Defendants Munoz and Alvarez for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment, and that all other claims and defendants be dismissed. (Doc. No. 44.) Plaintiff was notified and given sixty (60) days to file his objections to those findings and recommendations. (*Id*. at 8.) On October 11, 2018, Plaintiff timely filed objections. (Doc. No. 45.)[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case, including Plaintiff's objection. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Plaintiff objects to the dismissal of this claim against Officer John Doe, asserting that he can state sufficient facts to state a claim. However, Plaintiff has been provided the legal standards and been given multiple opportunities to state such a claim. The statements in his objection are conclusory, and do not show that he can sufficiently state such a claim. Therefore, it is appropriate to dismiss that unnamed defendant. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) (denying leave to amend when additional amendment would be futile); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th. Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446-1449 (9th Cir. 1987).

Plaintiff also states that he seeks a polygraph examination of Defendants. Section 3293 of Title 15, cited to by Plaintiff, provides for the administration of a polygraph exam by prison officials during a prison investigation. Cal. Code Regs., tit. 15 § 3293 (2009). The section has no applicability to this civil suit in federal court. There is no entitlement to the administration of polygraph examinations in this action, and Plaintiff's request is therefore denied.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on September 25, 2018 (Doc. No. 44), are adopted in full;

///

---

[1] Plaintiff was given a lengthy period of time to file objections based on information that he would have some limitations on his access to his legal paperwork. (*See* Doc. No. 44, at 2.)

2. This action proceeds on Plaintiff's third amended complaint against Defendants Munoz and Alvarez for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment;

3. All other claims and defendants are dismissed for the failure to state a claim upon which relief may be granted; and

4. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  November 6, 2018

SENIOR DISTRICT JUDGE

3