# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>      Plaintiff,<br><br>    v.<br><br>MUNOZ and ALVAREZ,<br><br>      Defendants. | Case No. 1:14-cv-00976-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF NOS. 70, 72, & 73)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I. BACKGROUND

Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds "on Plaintiff's claim against defendant Alvarez for unreasonable searches in violation of the Fourth Amendment, and on Plaintiff's claims against defendants Munoz and Alvarez for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment." (ECF No. 65, at 3).

Now pending before this Court is Defendants' Motion for Summary Judgment for Failure to Exhaust.[1] (ECF No. 70). For the reasons described in this order, the Court recommends that Defendants' motion be denied.[2]

---

[1] Pursuant to the order issued by Chief Judge Lawrence J. O'Neill on May 9, 2019, this motion for summary judgment applies to all claims proceeding in this case. (ECF No. 65, at 3).

[2] The Court has reviewed Plaintiff's unauthorized surreply (ECF No. 73). As Plaintiff's unauthorized surrpely has no effect on the Court's analysis, IT IS ORDERED that Defendants' objection and motion to strike Plaintiff's surrpely (ECF No. 74) is DENIED.

1

## II. LEGAL STANDARDS

### A. Exhaustion

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its

---

As to Defendants' request to strike certain portions of Plaintiff's opposition (ECF No. 72, at 5), it is DENIED as moot. Defendants are correct that the Clerk's Office erroneously attached a separate filing to Plaintiff's opposition. That mistake has been corrected, mooting Defendants' request to strike.

resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use….
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation…. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60 (footnote omitted).

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

**B.** **Summary Judgment**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts,

summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded fact-finder could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only

draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (quoting In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 258 (1983)).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on the ground that, while Plaintiff "submitted one or more appeals concerning events that correspond to his allegations in this action, [] he did not obtain a decision at the third and final level of administrative review." (ECF No. 70-1, at 1). Defendants' summarize the relevant facts as follows:

> Trujillo submitted an appeal about one of the events he alleges in this action, institutional log no. SATF-C-13-04905. The appeal was received by the SATF Appeals Office on or about December 12, 2013. The appeal concerns Trujillo's allegations that two or three days after September 9, 2013, he was subjected to an improper "strip search" in retaliation for his reporting threats by correctional officer Munoz, and that he was "insulted in a disrespectful manner" by an unidentified Lieutenant.
>
> In a decision dated January 8, 2014, appeal log no. SATF-C-13-04905 was partially granted at the first level of review, in that an appeal inquiry was completed, with a finding that prison staff did not violate CDCR policy with respect to the appealed issues, and the allegations of staff misconduct were not sustained. No other relief was granted.
>
> By notification to Trujillo dated February 13, 2014, appeal log no. SATF-C-13-04905 was screened out at the second level of review and rejected pursuant to California Code of Regulations, Title 15, Section 3084.6(b)(10). The appeal was rejected because it was not printed legibly in ink, or typed on lines on the

5

appeal forms in 12-point or larger font, or not an original. The screen-out notice instructed Trujillo to complete the appeal in pen and re-submit the appeal for review and processing within the allotted time frames.

By notification to Trujillo dated May 2, 2014, appeal log no. SATF-C-13-04905 was screened out at the second level of review and cancelled pursuant to California Code of Regulations, Title 15, Section 3084.6(c)(4), because the time limits for submitting the appeal were exceeded. This appeal had been screened out with notice to Trujillo on February 13, 2014 (as described in the previous paragraph), but was not received back by the SATF Appeals Office until May 2, 2014. The screening notice sent to Trujillo on May 2, 2014, advised him that once an appeal has been cancelled, the appeal may not be resubmitted, but that a separate appeal can be filed on the cancellation decision. Trujillo did not make any further submittals of appeal log no. SATF-C-13-04905, and he did not appeal the decision to cancel appeal log no. SATF-C-13-04905.

Trujillo's appeal log no. SATF-C-04905 was not accepted at the third level of review. The appeal was screened out at the third level on March 27, 2014, and again on August 8, 2014. The reason for the first screen out was an unauthorized bypass of lower level appeals in submitting the appeal to the third level, and the reason for the second screen out was for repeated filing of a cancelled appeal.

Trujillo attempted to submit another appeal, institutional log no. SATF-C-04895. The submission was screened out and returned to him on December 5, 2013, because it was not an appeal, and he was instructed to clarify his issues on Sections A and B of a 602 appeal form. The subject matter of this appeal cannot be determined.

Trujillo submitted a third appeal, institutional log no. SATF-O-14-02123. This appeal was screened out and cancelled at the first level of review, with notice sent to him on April 30, 2014. The reason for the cancellation was that time limits for submitting the appeal were exceeded, as the appeal concerned events occurring on September 9, 2013, but the appeal was not received by the appeals office until April 30, 2014. The notice advised Trujillo that once an appeal has been cancelled, that appeal may not be resubmitted, but a separate appeal can be filed on the cancellation decision. The appeal apparently concerned threats he received on C Yard on September 9, 2013.

Trujillo submitted a fourth appeal, institutional log no. SATF-O-14-02419. This appeal was screened out and cancelled at the first level of review, with notice sent to him on May 13, 2014. The reason for the cancellation was that time limits for submitting the appeal were exceeded, because the appeal concerned events occurring on September 9, 2013, but the appeal was not received by the Appeals Office until April 30, 2014. The notice advised Trujillo that once an appeal has been cancelled, that appeal may not be resubmitted, but a separate

6

appeal can be filed on the cancellation decision. The appeal apparently concerned verbal threats he received from "Munox" on September 9, 2013.

Trujillo submitted a fifth appeal, institutional log no. SATF-C-14-03340. This appeal was screened out and cancelled at the first level of review, with notice sent to him on July 1, 2014. The reason for the cancellation was that time limits for submitting the appeal were exceeded, because the appeal concerned events occurring on September 9, 2013, but the appeal was not received by the Appeals Office until after June 26, 2014. The notice advised Trujillo that once an appeal has been cancelled, that appeal may not be resubmitted, but a separate appeal can be filed on the cancellation decision. The appeal apparently concerned his allegation that a correctional officer threatened and used profanity toward him. The appeal was screened out and cancelled at the first level of review with notice to Mr. Trujillo on July 29, 2014, for the reason that it was an attempt to submit an appeal that had previously cancelled.

Trujillo submitted a sixth appeal, institutional log no. SATF-C-14-03979. This appeal was screened out and cancelled at the first level of review, with notice sent to him on August 7, 2014. The reason for the cancellation was that time limits for submitting the appeal were exceeded, because the appeal concerned events occurring on November 1, 2013, but the appeal was not received by the appeals office until August 7, 2014. The notice advised Trujillo that once an appeal has been cancelled, that appeal may not be resubmitted, but a separate appeal can be filed on the cancellation decision. The appeal concerned events occurring on November 1, 2013, the subject matter of which cannot be determined.

Other than the appeals described above, no appeals from Trujillo were received by the SATF Appeals Office concerning events that are the subject of his allegations in this lawsuit.

(ECF No. 70-1, at 3-5) (citations omitted).

### IV. MATERIAL UNDISPUTED FACTS REGARDING EXHAUSTION

As can be seen by Defendants' version of the facts, the appeals history regarding the underlying incident is far from clear. Plaintiff filed numerous administrative grievances and related documents concerning the underlying incident, and yet none made it fully through the third level of appeals. With the help of oral argument, the Court sets forth the following undisputed material facts:

Plaintiff filed a grievance following the incident.[3] That grievance included the first page of a form 602 and then two pages of handwritten attachments. Those attachments state:

> On the above date Sep-09-2013. I wrote a california state inmate/parolee 602 appeals form, on Mr. Muñoz correctional officer on the following allegation threat's towards me inmate Mr. Trujillo; Guillermo. This incident occurred on c-yard building 2/third watch. Two to Three day's later, i was call to the program office to speak to Lt. Mr. John doe on c-yard, before i walk into he's office to speak to correctional Lieutenant was place into a security cage; strip search with no reason of security condition's what so ever. I believe that the strip search was conducted on me was done out of retaliation for reporting threat's on correctional officer Mr. Muñoz. The following officer who's names I don't know by memory Sgt. Mr. John doe, Lt. Mr. John doe did humiliate my dignity by talking about my body parts to their own female co-worker's. After the strip search was conducted by correctional officer I was insulted in a disrespect manner by Lieutenant that's in charged on c-yard. During that interview with c-yard Lieutenant I personally explain to him in person about his female sexual harassment and Male correctional officer threats from the day of our last encounter theirs has been alot of sexual and disrespectfull threats toward inmate/parolee Mr. Trujillo, Guillermo. Threats made are as fallow <u>stabb</u> him; <u>fuck him up</u>; <u>fuck this punks</u> ect. I would like to have your office be aware of officer's action's and comment's so once any of the above event's takes place by their order's it's been already addressed to Sacramento internal affairs. Please don't call up here to corcoran institution questioning about their actions and comments till one of these event's takes place, because they will deny all allegations on their behalf and play it of that inmate/parolee is Mentally Ill.

(ECF No. 14, at 11-12; ECF No. 70-5, at 18-19) (spelling and grammar errors in original).

This grievance was accepted by the Appeals Office. (ECF. No. 70-5, at 17). The appeals office sent a response to Plaintiff on January 8, 2014. It summarized the issue, explained how a review had been conducted, partially granted the appeal in that an appeal inquiry was completed, and explained the result (that staff did not violate CDCR policy). (Id. at 13-14). The letter concluded, "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted."

---

[3] The grievance is not dated. It appears that the earliest stamp on the grievance is dated October 21, 2013, indicating that it was received by the appeals office on that date.

(Id. at 14).

Plaintiff then submitted the same staff complaint appeal to the second level of review. On February 13, 2014, the Appeals Coordinator sent the following letter:[4]

> Your appeal has been rejected pursuant to the California Code of Regulations, Title 15 Section (CCR) 3084.6(b)(10). You have not submitted your appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original. Pursuant to CCR 3084.4 you are advised that this appeal is considered misuse or abuse of the appeals process. Repeated violations may lead to your being placed on appeal restriction as described in CCR 3084.4(g).
>
> Complete Section D in pen. Re-submit for review and processing within the allotted time frames. PERMANENT ATTACHMENT DO NOT REMOVE

(ECF No. 70-5, at 15).

Plaintiff then repeatedly submitted this appeal and other appeals of this cancellation, none of which were accepted by the institution. Suffice to say Defendants contend the appeals were properly rejected, while Plaintiff contends that the rejections were improper.

## V. PROPRIETY OF APPEALS OFFICE'S CANCELLATION AT SECOND LEVEL

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies. In such circumstances, prison officials have 'thwart[ed] inmates from taking advantage of [the] grievance process,' making that process unavailable." Andres, 867 F.3d at 1079 (quoting Ross, 136 S.Ct. at 1859) (alterations in original). This Court thus looks first to whether the prison's failure to process Plaintiff's grievance at the second level, as described above, was proper.

Again, the response at the second level was:

> Your appeal has been rejected pursuant to the California Code of Regulations, Title 15 Section (CCR) 3084.6(b)(10). You have not submitted your appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original. Pursuant to CCR 3084.4 you are advised that this appeal is considered misuse or abuse of the

---

[4] The record contains two different versions of this letter. Compare ECF No. 70-5, at 15, with ECF No. 14, at 9). The relevant text is the same in both, but the formatting is different, one is signed and one is not, and there are additional names listed on the bottom of one of the letters. The Court does not know which is the true version that was given to Plaintiff, or why different versions of this letter exist.

> appeals process. Repeated violations may lead to your being placed on appeal restriction as described in CCR 3084.4(g).
>
> Complete Section D in pen. Re-submit for review and processing within the allotted time frames. PERMANENT ATTACHMENT DO NOT REMOVE

(ECF No. 70-5, at 15).

Under California Code of Regulations, Title 15, Section 3084.6(b)(10), an appeal may be rejected because "The inmate or parolee has not submitted his/her appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original." However, here, the appeal that is attached is printed legibly in font size more than 12-point. Although it is a copy, there is nothing to indicate that it was not properly printed in ink.

> California Code of Regulations, Title 15, Section 3084.4, states the following:
>
> (a) The following are deemed misuse or abuse of the appeals process and may lead to appeal restriction as described in subsection 3084.4(g).
>     (1) The submittal of more than one appeal for initial review within a 14 calendar day period is considered excessive, unless the inmate or parolee is submitting an emergency appeal.
>     (2) The repeated filing of appeals that have been cancelled pursuant to subsection 3084.6(c).
>     (3) The appeal submission contains information the appellant knows to be false or consists of a deliberate attempt at distorting the facts.
>     (4) The appeal contains threatening, grossly derogatory, slanderous or obscene statements and/or organic contamination is included in or makes up any part of the appeal package.
>     (5) The description of the problem and/or requested action deliberately exceeds the space provided on the 602 forms or the appeal is intentionally filed contrary to instructions.

There is no indication on the letter why this section was cited, or what subsection had been violated.

Nowhere in Defendants' motion for summary judgment is there an explanation of why Plaintiff's submission to the second level violated these rules. Defendants' memorandum in support of their motion for summary judgment states: "The appeal was rejected because it was not printed legibly in ink, or typed on lines on the appeal forms in 12-point or larger font, or not an original." (ECF No. 70-1, at 3). It does not explain which of these issues was actually

1 | present in Plaintiff's appeal. The declaration of A. Shaw in support of Defendants' motion
2 | similarly states "appeal log no. SATF-C-13-04905 was screened out at the second level of
3 | review and rejected pursuant to California Code of Regulations, Title 15, Section
4 | 3084.6(b)(10), because the appeal was not printed legibly in ink, or typed on lines on the appeal
5 | forms in 12-point or larger font, or not an original." (ECF No. 70-5, at 3).

During oral argument, defense counsel Lucas Hennes explained the rejection as follows:[5]

> Defense counsel: The second paragraph is usually on these rejection letters is usually the more detailed explanation. Mr. Trujillo did not complete section D, which is actually the necessary section for a 602 to submit to a higher level of review. For what he did, he just submitted the same appeal that he submitted to the first level. He didn't explain what was wrong with the first level's analysis or anything like that which was the section D. If there were a blank form 602, you'd see there are three pages in every 602. There's a section A, which you see is on the actual document that was submitted. It's blank of course but you know the first level still considered it because he had an attachment that had his complaint in it. Then there is the section b, which is the action requested…. Section D on the form is the next page and that basically says further action requested is the section that says that if the appellant feels that the first level was wrong, explain why. And it doesn't seem that Trujillo filled anything out like that. So the rejection letter said fill out Section D in pen. You can't just resubmit the same appeal to the second level and expect to be submitted that way.
>
> The Court: … Are you saying that I should disregard the first part or did the first paragraph have any meaning?
>
> Defense counsel: No the first paragraph is the general code section under which the appeal is being rejected. It lists the . . . regulatory reasons for the appeal being rejected, which I should note Your Honor is different from it being cancelled. It gives the inmate who is actually submitting the 602 to correct the problem and resubmit it within 30 days.

---

[5] The attorney who drafted the motion stated during the argument that he had not anticipated having a substantive discussion of the motion, but argued that the appeal was properly rejected for the reasons described in the moving papers. He further argued that even if it had not been properly rejected there remained an issue of a timely appeal of the rejection.

The Court notes that it issued a minute order prior to the hearing stating: "At the scheduling conference that is currently set for May 8, 2019, in addition to the outstanding motions in this case, the parties shall be prepared to discuss all outstanding motions Trujillo v. Munoz, Case No. 1:14-cv-01215, as well as whether this case should be consolidated with Trujillo v. Munoz." (ECF No. 62).

…

The Court: This part, "You have not submitted your appeal printed legibly in ink"—was that true?

Defense counsel: No. It. That one section 3084.6(b)(10) it has all those grounds in it in that one section. Because it is not printed legibly in ink or not typed on the lines provided on the appeal forms.

The Court: What about the part that about it's a misuse or abuse of the appeals process—is that true?

Defense counsel: Yes your honor. We consider a misuse or abuse of the appeals process to submit an appeal that is not properly submitted….[6]

In other words, defense counsel represented that the appeal was properly rejected because Plaintiff failed to fill out Section D. Defense counsel made no attempt to justify the rejection on the basis that Plaintiff had "not submitted [his] appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original."

Based on the undisputed evidence, and Defendants' position, the Court recommends finding that the prison's rejection of the grievance at the second level was not proper. Despite defense counsel's argument that the appeal was actually rejected on the basis that Section D was not completed, this is not the basis given in the rejection notice. That notice cites to Title 15, Section 3084.6(b)(10). That section does not include a requirement that section D be completed, or that the inmate explain what was wrong with the first level review. 15 CCR § 3084.6(b)(1) ("The inmate or parolee has not submitted his/her appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original."). The notice then states that the reason the appeal was rejected was: "You have not submitted your appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original." (ECF No. 70-5, at 15). This is also the reason given in Defendant's motion for summary judgment for why

---

[6] The audiofile of this hearing is available upon request. The Court's transcription is an unofficial transcription based on court staff listening to the audiofile.

the appeal was rejected. (ECF No. 70-1, at 3) ("The appeal was rejected because it was not printed legibly in ink, or typed on lines on the appeal forms in 12-point or larger font, or not an original."). This is also the reason given in the declaration in support of Defendants' motion for summary judgment for why the appeal was rejected. (ECF No. 70-5, at 3).

If the reason given were that section D had not been completed, it is not clear if this would be a proper rejection. Defendant has not cited to any regulation requiring that an inmate provide a reason why the first level inquiry was wrong in order to appeal to the second level. The letter rejecting his appeal at the first level merely says that "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third level of Review." (ECF No. 70-5, at 14). It does not require Plaintiff to make an argument why the first level got it wrong. After all, it seems clear why a grievant would disagree with a finding that staff did not violate CDCR policy when the appeal was based on an allegation that staff did violate policy.

But the Court need not reach this issue. The reason given on the rejection of the first level, as confirmed by Defendants' own brief and declaration in support of the brief, is not supported by the record.

Plaintiff's appeal to the second level was improperly rejected. The second and third levels of review were thus not available to him. Accordingly, Defendants' motion for summary judgment should be denied.

## VII. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court will recommend that Defendants' motion for summary judgment be denied because, to the extent Plaintiff failed to appeal to the second and third level of administrative review, those levels were not available to him because the prison improperly rejected his appeal at the second level.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment be DENIED.

These findings and recommendations are submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 3, 2019**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE