UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>Plaintiff,<br><br>v.<br><br>MUNOZ and ALVAREZ,<br><br>Defendants. | Case No. 1:14-cv-00976-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF A SUBPOENA DUCES TECUM<br><br>(ECF NO. 90) |

Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 9, 2019, Plaintiff filed what appears to be a motion for the issuance of a subpoena duces tecum. (ECF No. 90). Plaintiff asks the Court to order Appeals Office staff at SATF/Corcoran State Prison to expunge Appeal Log No. SATF-C-13-04905 from the Appeals Office and to provide it to Plaintiff.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Plaintiff's motion will be denied. Plaintiff provided no explanation as to why the appeal should be expunged and cited to no legal authority. Thus, this request will be denied.

Plaintiff's request for the issuance of a subpoena will also be denied. Plaintiff failed to make a showing that the requested document is only available through a third party. (See ECF No. 86, p. 4). But more importantly, Plaintiff failed to show that the appeal is relevant to this case, or that the appeal is likely to lead to discoverable information. Plaintiff appears to request the appeal so that he can show that he exhausted his available administrative remedies. (ECF No. 90, p. 1). However, a motion for summary judgment on the issue of issue of exhaustion has already been filed, briefed, and ruled on (in Plaintiff's favor). Accordingly, it does not appear that the appeal is relevant, and Plaintiff has provided no explanation as to why he needs additional discovery on the exhaustion issue.

Accordingly, it is ORDERED that Plaintiff's motion for the issuance of a subpoena duces tecum is DENIED.

IT IS SO ORDERED.

Dated: **September 11, 2019**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE