UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MUNOZ and ALVAREZ,<br><br>　　　　　　Defendants. | Case No. 1:14-cv-00976-LJO-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR FILING FRIVOLOUS MOTIONS AND MISREPRESENTING FACTS TO THE COURT |

Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 1, 2019, Plaintiff filed a motion for the issuance of a subpoena duces tecum. (ECF No. 103). Plaintiff asked that he be allowed to issue a subpoena to Deputy Probation Officer Genny Magana for sentencing transcripts dated July 4, 2015, copies of photographs of injuries he sustained on November 1, 2013, and incident reports written by correctional officers regarding the incident that occurred on November 1, 2013. Plaintiff stated that these documents are not available from the California Department of Corrections and Rehabilitation or the Office of the Inspector General.

As Plaintiff appeared to be alleging that the documents he wanted to subpoena were only available through a third party,[1] but failed to submit any evidence that he attempted to get

---

[1] Prior to Plaintiff filing this motion, the Court repeatedly informed Plaintiff that the Court would only consider granting a motion for the issuance of a third party subpoena if the documents requested are not obtainable

1

the documents from Defendants prior to filing the motion, the Court required Defendants to file a response. (ECF No. 104).

Defendants filed their response on November 12, 2019. (ECF No. 107). According to Defendants, not only were some of the documents available through Defendants, Defendants have now provided Plaintiff with copies of those documents.

Plaintiff did not file a reply to Defendants' response.

The Court previously warned Plaintiff that "misrepresenting facts to the Court may lead to sanctions, up to and including the dismissal of his case." (ECF No. 81, p. 1 n.1). Despite this warning, it appears that Plaintiff represented to the Court that certain documents were only available through a third party subpoena, even though the documents were available through a document request to Defendants. Accordingly, the Court will order Plaintiff to show cause why he should not be sanctioned for misrepresenting facts to the Court.

In addition to apparently misrepresenting facts to the Court, Plaintiff has repeatedly filed frivolous motions. For example, on September 9, 2019, Plaintiff filed a motion for attendance of incarcerated witnesses. (ECF No. 87). The Court denied Plaintiff's request without prejudice, telling Plaintiff that if he "chooses to refile the motion, the earliest he should file it is ninety days before the Telephonic Trial Confirmation Hearing, which is currently scheduled for January 7, 2021." (ECF No. 92, p. 2). Despite this instruction, on November 7, 2019, Plaintiff filed a motion for attendance of incarcerated witnesses at "all future court hearings." (ECF No. 105). No explanation was provided as to why Plaintiff needed incarcerated witnesses to attend "all future court hearings," or why the motion was filed despite the Court's instruction regarding when the motion should be refiled.

As another example, on September 9, 2019, Plaintiff filed two motions to compel. (ECF No. 89). The motions were denied because the motions were filed before Defendants' deadline to respond to Plaintiff's discovery requests (or, alternatively, because the discovery requests were premature and Defendants had no obligation to respond). (ECF No. 102, p. 2).

---

from Defendants through a request for production of documents. (ECF No. 86, p. 4; ECF No. 93, p. 2; ECF No. 99, p. 2).

In denying the meritless motions, the Court warned Plaintiff that "meritless motions may result in sanctions or an award of costs." (Id.).

Plaintiff has also repeatedly ignored the Court's instructions on how to properly request the issuance of a third party subpoena. The Court has, on several occasions, explained to Plaintiff the showing he must make for the Court to grant a motion for the issuance of a third party subpoena. (ECF No. 86, pgs. 3-4; ECF No. 93; & ECF No. 99). Despite these instructions, in the motion for the issuance of a third party subpoena Plaintiff filed on November 1, 2019, Plaintiff did not even attempt to explain how the documents he is seeking are relevant to this case.[2] On November 7, 2019, Plaintiff filed yet another motion for the issuance of a third party subpoena. (ECF No. 106). This motion was denied because, "[d]espite being informed by the Court of the showing he must make for the Court to grant a motion for the issuance of a subpoena *duces tecum*, Plaintiff's motion does not specify the person or entity he is seeking documents and electronically stored information from, or the documents and electronically stored information he is seeking." (ECF No. 109, p. 1).

Accordingly, IT IS HEREBY ORDERED that Plaintiff has twenty-one days from the date of service of this order to show cause why he should not be sanctioned for filing frivolous motions, and for misrepresenting facts to the Court. Failure to respond to this order may result in dismissal of this case.

IT IS SO ORDERED.

Dated: __December 9, 2019__          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The relevance of some of the documents Plaintiff is seeking are obvious. However, Plaintiff is also seeking a copy of sentencing transcripts dated July 4, 2015, and as Defendants point out, this transcript does "not appear to have any relevance to Plaintiff's claims in this case of misconduct by Defendants during events between September 9, 2013 and November 1, 2013." (ECF No. 107, p. 2).