UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNOZ and ALVAREZ,<br><br>    Defendants. | Case No. 1:14-cv-00976-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM<br><br>(ECF No. 103)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PRODUCE DOCUMENTS FOR INSPECTION<br><br>(ECF No. 112)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SHOW CAUSE<br><br>(ECF No. 118)<br><br>ORDER AWARDING SANCTIONS FOR PLAINTIFF'S FILING OF DISCOVERY MOTIONS THAT WERE UNWARRANTED, UNREASONABLE, AND NOT SUBSTANTIALLY JUSTIFIED<br><br>(ECF No. 110) |

Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the Court are several discovery motions by Plaintiff, (ECF Nos. 103, 112, & 118), as well as the Court's Order for Plaintiff to Show Cause why he should not be sanctioned for filing frivolous motions and misrepresenting facts to the Court, (ECF No. 110).

1

# I.     BACKGROUND

### a.  Plaintiff's Discovery Motions

This action is proceeding "on Plaintiff's claim against defendant Alvarez for unreasonable searches in violation of the Fourth Amendment, and on Plaintiff's claims against defendants Munoz and Alvarez for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment." (ECF No. 65, at p. 3). The underlying incidents allegedly took place in 2013 and 2014.

Plaintiff filed the first complaint in this action on June 23, 2014. (ECF No. 1). After initial dismissals and remand from the Ninth Circuit based on Magistrate Judge jurisdiction in light of Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), this Court set an initial scheduling conference. In preparation for that conference, the Court ordered that both parties send initial disclosures and file scheduling conference statements. (ECF No. 47). However, Plaintiff failed to send initial disclosures or file a scheduling conference statement before the initial scheduling conference. (ECF No. 53). Thus, the conference was not held. (Id.). Plaintiff was sent the Court's order again and given another opportunity to comply. (Id.).

After additional motion practice, the Court held a scheduling conference on July 29, 2019. (ECF No. 85). The Court verbally explained discovery procedures, including third party subpoenas. The Court issued a scheduling order on August 9, 2019. (ECF No. 86). Regarding third party subpoenas, the Scheduling Order stated "However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1)." (ECF No. 86, at p. 4). It also included procedures for seeking attendance of incarcerated witnesses at trial. (ECF No. 86, at pgs. 6-7). For incarcerated witnesses who have agreed to testify, the Court required: "A party intending to introduce the testimony of incarcerated witnesses who have agreed to

voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled 'Motion for Attendance of Incarcerated Witnesses.'"  (<u>Id.</u> at 6).  Regarding the showing of actual knowledge, the Court required a declaration from either the party or the witness that is "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred."  (<u>Id.</u> at 7).  The deadline to file such motions was November 6, 2020.  (<u>Id.</u> at 6).

About one month later, on September 9, 2019, Plaintiff filed four motions.  (ECF Nos. 87, 88, 89, & 90).  In a motion for attendance of incarcerated witnesses, Plaintiff claimed that two witnesses are willing to testify at trial.  (ECF No. 87).  However, there was no information regarding their knowledge of the incidents.  The Court denied this motion on September 11, 2019, on the ground that it provided no information regarding the subject of each witnesses' testimony.  (ECF No. 92).  The Court also stated that "If Plaintiff chooses to refile the motion, the earliest he should file it is ninety days before the Telephonic Trial Confirmation Hearing, which is currently scheduled for January 7, 2021."  (ECF No. 92, at p. 2).

In a motion for discovery requests, Plaintiff asked the Court to expunge an appeal from the Inmate Appeals Office and to send it to Plaintiff.  (ECF No. 90).  The Court denied the motion on September 11, 2019, setting forth the relevant legal standards and stating: "Plaintiff provided no explanation as to why the appeal should be expunged and cited to no legal authority."  (ECF No. 93, at p. 2).  The Court also denied what it construed as a request for issuance of a subpoena because Plaintiff did not show that the documents are only available through a third party and did not describe why the information is relevant.  (<u>Id.</u>).

In motions for an order compelling discovery, Plaintiff requested an order compelling Defendants to answer interrogatories and produce certain documents.  (ECF. No. 89).  Additionally, Plaintiff attached a third party subpoena to a deputy probation officer for

3

sentencing transcripts and photos.  Defendants filed an opposition on September 12, 2019,

(ECF No. 96), explaining that "Defendants were unaware of these discovery requests before

Plaintiff filed his motion, but in a showing of good faith, they will respond to them within 45

days of their service as part of the motion, as required by this Court's discovery order."  (Id. at

2).

      The Court denied the motions to compel on October 29, 2019, explaining that the

motions were premature under the scheduling order, and also noting that there was no evidence

that Plaintiff had served his discovery responses on Defendants.  (ECF No. 102).  The Court

also "warn[ed] Plaintiff that meritless motions may result in sanctions or an award of costs.

See, e.g., Fed. R. Civ. P. 11(c), 16(f), 26(g), & 37."  (Id. at 2).

      On October 2, 2019, Plaintiff filed two third party subpoenas.  (ECF No. 98).  One was

a subpoena to the two incarcerated witnesses to testify, and asking them to bring Sentencing

Transcripts from another case.  (ECF No. 98, at p. 1).  The second was a subpoena to the

Substance Abuse Treatment Facility/Corcoran State Prison Inmate Appeals Office for various

documents.  (ECF No. 98, at p. 3).

      On October 7, 2019, the Court ruled regarding the subpoenas, stating that Plaintiff had

not filed any motion, and "failed to make a showing that the documents he is seeking are only

available through third parties, rather than through a request on defendants.  Additionally,

Plaintiff failed to provide any explanation regarding the relevance to this case of the documents

he is requesting."  (ECF No. 99, at p. 2).  The Court copied the instructions for third party

subpoenas from its scheduling order and stated that Plaintiff could request subpoenas if he

followed those instructions.  (Id. at 1-2).

      On November 1, 2019, Plaintiff filed a motion for subpoena duces tecum for certain

sentencing transcripts as well as photos and written reports regarding a November 1, 2013

incident.  (ECF No. 103).  Plaintiff stated that "Neither the California Department of

Corrections and Rehabilitation and/or the Office of Inspector General" has access to the

documents.  (Id. at 1).  On November 6, 2019, the Court ordered Defendants to respond to

Plaintiff's motion in light of his representation that the documents were not available without a

4

subpoena.  (ECF No. 104, at p. 2 ("While it appears that Plaintiff has stated that the documents he is requesting are only available through a third party, Plaintiff has not submitted any evidence that he attempted to get these documents from Defendants prior to filing this motion. Moreover, it appears that at least some of the documents requested may be available through Defendants.  Therefore, the Court will require Defendants to file a response within 14 days, indicating whether any of the documents Plaintiff is requesting are available through a discovery request to Defendants.")).

On November 12, 2019, Defendants filed their response.  (ECF No. 107).  Defendants stated that they had already sent Plaintiff the incident report and photos before Plaintiff filed his motion.  (Id. at 1).  Regarding the sentencing transcripts, Defendants stated that Plaintiff had not requested them in discovery, but Defendants do not have them in their possession, custody, or control and that they are not relevant to this case in any event.  (Id. at 2).

In the meantime, Plaintiff filed additional motions.  On November 7, 2019, Plaintiff filed a Motion requesting a subpoena form to have incarcerated witnesses attend all future court hearings in this case.  (ECF No. 105).  The Court denied the motion on November 13, 2019, because Plaintiff did not provide any names of the witnesses or reasons why they should attend all hearings.  (ECF No. 108).

On November 7, 2019, Plaintiff filed a motion requesting the Court to provide duces tecum subpoena.  (ECF No. 106).  Plaintiff requested a subpoena form "to subpoena and serve third party to produce documents electronically stored information because the documents and information requested can not be obtain [sic] by the Department of Corrections and/or Office of the Inspector General."  (ECF No. 106).  The Court denied the motion, stating "Despite being informed by the Court of the showing he must make for the Court to grant a motion for the issuance of a subpoena *duces tecum*, Plaintiff's motion does not specify the person or entity he is seeking documents and electronically stored information from, or the documents and electronically stored information he is seeking."  (ECF No. 109, at p. 1).

\\\
\\\

#### b.  The Court's Order to Show Cause

On December 9, 2019, the Court issued an order for Plaintiff to show cause why he should not be sanctioned for filing frivolous motions and misrepresenting facts to the court. (ECF No. 110).  The Court reviewed the history of motions and filings and explained how Plaintiff repeatedly ignored the Court's instructions.  The Court concluded: "IT IS HEREBY ORDERED that Plaintiff has twenty-one days from the date of service of this order to show cause why he should not be sanctioned for filing frivolous motions, and for misrepresenting facts to the Court.  Failure to respond to this order may result in dismissal of this case."  (ECF. No. 110, at p. 3).

Plaintiff asked for an extension of thirty-five days to respond in order to obtain all facts necessary to respond to the Court's order.  (ECF No. 114).  The Court granted Plaintiff's request.  (ECF No. 116)

Plaintiff responded to the order to show cause on December 23, 2019.  (ECF No. 117). Plaintiff stated that he had requested the sentencing transcripts through a CDCR Form 22 form and written to the Office of the Inspector General, and that was why he said those documents were not available without a subpoena.  (Id. at 1).  Thus, Plaintiff claims he should not be sanctioned.  (Id. at 2).

Plaintiff's response did not address the other repeated requests for third party subpoena, nor the motions for attendance of incarcerated witnesses.

#### c.  Plaintiff's Additional Motions Following Order to Show Cause

On December 16, 2019, Plaintiff filed a motion to produce documents for inspection. (ECF No. 112).  Plaintiff moved to compel the Department of Corrections and the Attorney General to make available "the entire unedited personnel files of Correctional Officers Munoz and Lt. Alvarez," including psychiatric and psychological records; the names, addresses and telephone numbers of all persons who made certain types of complaints against the officers or were interviewed for any investigation of the officer; and the name and assignments of all investigators.  (ECF No. 112).

The Court ordered Defendants to respond.  (ECF No. 113).

1   Defendants filed their response on December 20, 2019.  (ECF No. 115).  Defendants

2   stated: "Plaintiff's instant motion to compel is no more meritorious than his previous motion.

3   As with Plaintiff's previous motion to compel, he provides no evidence that he ever served

4   Defendants with the purported discovery requests.  (*Id.*)  In fact, Defendants have not received

5   any written discovery requests from Plaintiff in this case."  (ECF No. 115, at pgs. 1-2).

6   Plaintiff did not file a reply.

7   On January 6, 2020, Plaintiff filed a "Motion to Show Cause."  (ECF No. 118).

8   Attached is a Form 22 in which Plaintiff requested sentencing transcripts from a probation

9   officer.

## II.   LEGAL STANDARDS

### a.   Federal Rule of Civil Procedure 37

If a motion to compel discovery is denied, the Federal Rules of Civil Procedure require

payment of expenses, including attorney's fees, by the moving party to the opposing party:

> *If the Motion Is Denied.*  If the motion is denied, the court . . . must, after giving an
> opportunity to be heard, require the movant, the attorney filing the motion, or both
> to pay the party or deponent who opposed the motion its reasonable expenses
> incurred in opposing the motion, including attorney's fees.  But the court must not
> order this payment if the motion was substantially justified or other circumstances
> make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

### b.   Federal Rule of Civil Procedure 11

Federal "Rule [of Civil Procedure] 11 provides for the imposition of sanctions when a

filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an

improper purpose."  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996)

(footnote omitted).  "'Although Rule 11 applies to *pro se* plaintiffs, the court must take into

account a plaintiff's *pro se* status when it determines whether the filing was reasonable.'"

*Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d

1515, 1516 (11th Cir. 1990).  However, a district court "cannot decline to impose any sanction

where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*."

*Simpson*, 77 F.3d at 1177 (citing *Warren*, 29 F.3d at 1390).

7

In relevant part, Rule 11 reads:

(b) *Representations to the Court*.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

> . . .

(c) *Sanctions*.

> (1) *In General*.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

> . . .

> (3) *On the Court's Initiative*.  On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

> (4) *Nature of a Sanction*.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

> (5) *Limitations on Monetary Sanctions*.  The court must not impose a monetary sanction:

> > (A) against a represented party for violating Rule 11(b)(2); or

> > (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

8

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11.

Rule 11 sanctions may be imposed on "a showing of objectively unreasonable conduct." *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004). "Due process requires notice that the court is considering sanctions and an opportunity to be heard in opposition." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997). When considering sanctions, "the opportunity to brief the issue fully satisfies due process requirements." *Lambright v. Ryan*, 698 F.3d 808, 826 (9th Cir. 2012) (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir.2000)).

### III.   APPLICATION TO PLAINTIFF'S FILINGS

Plaintiff has now filed a number of motions to compel, motions for attendance of unincarcerated witnesses, and motions for the issuance of a third party subpoena that were not substantially justified.

The Court has already denied several of these motions. The Court finds that the following motions in particular were unwarranted, unreasonable, and not substantially justified for the reasons described above and because they violated the procedures set forth in the scheduling order as well as the Court's subsequent orders:

- Plaintiff's October 2, 2019 filing of two third party subpoenas without any motion, representing that he had requested the information from Defendants, and providing no explanation of the relevance of the documents. (ECF No. 98).

- Plaintiff's November 7, 2019 motion requesting a subpoena form to have incarcerated witnesses attend all future court hearings in this case, without naming the witnesses or providing any reason for their attendance. (ECF No. 105).

- Plaintiff's November 7, 2019 motion requesting the Court to provide duces tecum subpoena without naming any person or entity, the documents he sought, or the reason why the documents are relevant. (ECF No. 106).

1    The Court also denies the following pending motions and finds them to be unwarranted,

2 unreasonable, and not substantially justified:

3    • Plaintiff's November 1, 2019 Motion for Subpoena Duces Tecum for certain

4       sentencing transcripts as well as photos and written reports regarding a

5       November 1, 2013 incident.  (ECF No. 103).  Defendants represented that they

6       had already sent Plaintiff the incident report and photos before Plaintiff filed his

7       motion.  Regarding the sentencing transcripts, Defendants stated that Plaintiff

8       had not requested them in discovery, that Defendants did not have them in their

9       possession, custody, or control, and that they were not relevant to this case in

10      any event.  (ECF No. 107).  Plaintiff's only response is to show that he

11      submitted a Form 22 to his institution for the sentencing transcripts.  A Form 22

12      request to the institution is not a discovery request on Defendants.  He does not

13      show that he requested the remaining documents from Defendants.  Plaintiff also

14      does not deny he already received certain documents from Defendants.  He also

15      does not explain why sentencing transcripts from a separate criminal case are

16      relevant to this dispute.

17   • On December 16, 2019, Plaintiff's December 16, 2019 Motion to Produce

18      Documents for Inspection, (ECF No. 112), moving to compel Defendants to

19      produce "the entire unedited personnel files of Correctional officers Munoz and

20      Lt. Alvarez."  Plaintiff did not request these documents from Defendants in

21      discovery before filing a motion to compel.[1]

22   The Court also denies Plaintiff's January 6, 2020 "Motion to Show Cause," (ECF No.

23 118), because it does not request any action from the Court.  Rather, it appears to relate to

24 Plaintiff's response to the Court's order to show cause.  (Id.).

25

26 _____

27   [1] It also appears that the requests should be denied in part if not in full as being inadmissible
under Rule 404 ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order
to show that on a particular occasion the person acted in accordance with the character.").  As the merits of the

28 request were not fully briefed, the Court declines to decide whether such discovery would be permitted if Plaintiff
correctly filed a motion.

Accordingly, and based on the Federal Rule of Civil Procedure 37, the Court orders Plaintiff to pay Defendants their reasonable expenses in opposing the filings at ECF Nos. 98, 103, 105, 106, and 112.

If Plaintiff fails to pay this monetary sanction within the time set forth below, the Court will recommend dismissal of this lawsuit under Rule 11.[2]

## IV.     CONCLUSION

For the foregoing reasons, the Court orders:

- Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 103) is DENIED.
- Plaintiff's Motion to Produce Documents for Inspection (ECF No. 112) is DENIED.
- Plaintiff's Motion to Show Cause (ECF No. 118) is DENIED.
- Within twenty-one days from the date of this order, Defendants shall file with the Court and serve on Plaintiff a statement indicating its reasonable expenses incurred, including attorney's fees, in opposing the filings at ECF Nos. 98, 103, 105, 106, and 112.[3]
- Within thirty days from the filing of this statement, Plaintiff shall pay the amount to Defendants.
- If Plaintiff does not pay the amount to Defendants, Defendants may file a motion notifying the Court of non-payment.[4]

\\\
\\\
\\\
\\\
\\\

---

[2] The Court will apply this same reasoning to all future motions by Plaintiff, and may award Defendants costs and fees by reference to this order.

[3] The Court will review this statement when filed and reserves the right to reduce the amount if the Court finds it is not reasonable.

[4] At that time, Defendants may also file a motion to dismiss the case with any relevant argument or authority, or may choose to allow the Court to rely on the authority already set forth in this order.

- If Plaintiff fails to pay the amount, this Court will recommend dismissal of this case.[5]

IT IS SO ORDERED.

Dated:   **May 21, 2020**                    /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants have leave to seek a stay or extension of time for pending deadlines based on this order.