UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MUNOZ and ALVAREZ,<br><br>　　　　Defendants. | Case No. 1:14-cv-00976-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED<br><br>(ECF NO. 123)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT<br><br>(ECF NO. 128) |

Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*[1] in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 21, 2020, the Court issued an order sanctioning Plaintiff and warning Plaintiff that if he failed to pay the sanction the Court would recommend dismissal of the case. (ECF No. 123). On June 12, 2020, Plaintiff filed a response to the Court's order, indicating that he cannot pay the sanction as required and arguing that he should not be required to pay it. (ECF Nos. 126 & 127). For the reasons that follow, the Court will recommend that this case be dismissed.

\\\

---

[1] Plaintiff now has "three-strikes," (*see, e.g*, *Cruz v. Chappuis*, E.D. Cal Case No. 2:18-cv-00193, ECF No. 54), but Plaintiff did not have three-strikes at the time he filed this action.

1

## I.  BACKGROUND

### a.  Plaintiff's Discovery Motions

This action is proceeding "on Plaintiff's claim against defendant Alvarez for unreasonable searches in violation of the Fourth Amendment, and on Plaintiff's claims against defendants Munoz and Alvarez for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment." (ECF No. 65, at p. 3). The underlying incidents allegedly took place in 2013 and 2014.

Plaintiff filed the first complaint in this action on June 23, 2014. (ECF No. 1). After initial dismissals and remand from the Ninth Circuit based on Magistrate Judge jurisdiction in light of Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), this Court set an initial scheduling conference. In preparation for that conference, the Court ordered that both parties send initial disclosures and file scheduling conference statements. (ECF No. 47). However, Plaintiff failed to send initial disclosures or file a scheduling conference statement before the initial scheduling conference. (ECF No. 53). Thus, the conference was not held. (Id.). Plaintiff was sent the Court's order again and given another opportunity to comply. (Id.).

After additional motion practice, the Court held a scheduling conference on July 29, 2019. (ECF No. 85). The Court verbally explained discovery procedures, including third party subpoenas. The Court issued a scheduling order on August 9, 2019. (ECF No. 86). Regarding third party subpoenas, the Scheduling Order stated "However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1)." (ECF No. 86, at p. 4). It also included procedures for seeking attendance of incarcerated witnesses at trial. (ECF No. 86, at pgs. 6-7). For incarcerated witnesses who have agreed to testify, the Court required: "A party intending to introduce the testimony of incarcerated witnesses who have agreed to

voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled 'Motion for Attendance of Incarcerated Witnesses.'" (Id. at 6).  Regarding the showing of actual knowledge, the Court required a declaration from either the party or the witness that is "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred." (Id. at 7).  The deadline to file such motions was November 6, 2020.  (Id. at 6).

About one month later, on September 9, 2019, Plaintiff filed four motions.  (ECF Nos. 87, 88, 89, & 90).  In a motion for attendance of incarcerated witnesses, Plaintiff claimed that two witnesses are willing to testify at trial.  (ECF No. 87).  However, there was no information regarding their knowledge of the incidents.  The Court denied this motion on September 11, 2019, on the ground that it provided no information regarding the subject of each witnesses' testimony.  (ECF No. 92).  The Court also stated that "If Plaintiff chooses to refile the motion, the earliest he should file it is ninety days before the Telephonic Trial Confirmation Hearing, which is currently scheduled for January 7, 2021." (ECF No. 92, at p. 2).

In a motion for discovery requests, Plaintiff asked the Court to expunge an appeal from the Inmate Appeals Office and to send it to Plaintiff.  (ECF No. 90).  The Court denied the motion on September 11, 2019, setting forth the relevant legal standards and stating: "Plaintiff provided no explanation as to why the appeal should be expunged and cited to no legal authority." (ECF No. 93, at p. 2).  The Court also denied what it construed as a request for issuance of a subpoena because Plaintiff did not show that the documents are only available through a third party and did not describe why the information is relevant.  (Id.).

In motions for an order compelling discovery, Plaintiff requested an order compelling Defendants to answer interrogatories and produce certain documents.  (ECF. No. 89).  Additionally, Plaintiff attached a third party subpoena to a deputy probation officer for

sentencing transcripts and photos. Defendants filed an opposition on September 12, 2019, (ECF No. 96), explaining that "Defendants were unaware of these discovery requests before Plaintiff filed his motion, but in a showing of good faith, they will respond to them within 45 days of their service as part of the motion, as required by this Court's discovery order." (Id. at 2).

The Court denied the motions to compel on October 29, 2019, explaining that the motions were premature under the scheduling order, and also noting that there was no evidence that Plaintiff had served his discovery responses on Defendants. (ECF No. 102). The Court also "warn[ed] Plaintiff that meritless motions may result in sanctions or an award of costs. See, e.g., Fed. R. Civ. P. 11(c), 16(f), 26(g), & 37." (Id. at 2).

On October 2, 2019, Plaintiff filed two third party subpoenas. (ECF No. 98). One was a subpoena to the two incarcerated witnesses to testify, and asking them to bring Sentencing Transcripts from another case. (ECF No. 98, at p. 1). The second was a subpoena to the Substance Abuse Treatment Facility/Corcoran State Prison Inmate Appeals Office for various documents. (ECF No. 98, at p. 3).

On October 7, 2019, the Court ruled regarding the subpoenas, stating that Plaintiff had not filed any motion, and "failed to make a showing that the documents he is seeking are only available through third parties, rather than through a request on defendants. Additionally, Plaintiff failed to provide any explanation regarding the relevance to this case of the documents he is requesting." (ECF No. 99, at p. 2). The Court copied the instructions for third party subpoenas from its scheduling order and stated that Plaintiff could request subpoenas if he followed those instructions. (Id. at 1-2).

On November 1, 2019, Plaintiff filed a motion for subpoena duces tecum for certain sentencing transcripts as well as photos and written reports regarding a November 1, 2013 incident. (ECF No. 103). Plaintiff stated that "Neither the California Department of Corrections and Rehabilitation and/or the Office of Inspector General" has access to the documents. (Id. at 1). On November 6, 2019, the Court ordered Defendants to respond to Plaintiff's motion in light of his representation that the documents were not available without a

subpoena.  (ECF No. 104, at p. 2 ("While it appears that Plaintiff has stated that the documents he is requesting are only available through a third party, Plaintiff has not submitted any evidence that he attempted to get these documents from Defendants prior to filing this motion.  Moreover, it appears that at least some of the documents requested may be available through Defendants.  Therefore, the Court will require Defendants to file a response within 14 days, indicating whether any of the documents Plaintiff is requesting are available through a discovery request to Defendants.")).

On November 12, 2019, Defendants filed their response.  (ECF No. 107).  Defendants stated that they had already sent Plaintiff the incident report and photos before Plaintiff filed his motion.  (Id. at 1).  Regarding the sentencing transcripts, Defendants stated that Plaintiff had not requested them in discovery, but Defendants do not have them in their possession, custody, or control and that they are not relevant to this case in any event.  (Id. at 2).

In the meantime, Plaintiff filed additional motions.  On November 7, 2019, Plaintiff filed a Motion requesting a subpoena form to have incarcerated witnesses attend all future court hearings in this case.  (ECF No. 105).  The Court denied the motion on November 13, 2019, because Plaintiff did not provide any names of the witnesses or reasons why they should attend all hearings.  (ECF No. 108).

On November 7, 2019, Plaintiff filed a motion requesting the Court to provide duces tecum subpoena.  (ECF No. 106).  Plaintiff requested a subpoena form "to subpoena and serve third party to produce documents electronically stored information because the documents and information requested can not be obtain [sic] by the Department of Corrections and/or Office of the Inspector General."  (ECF No. 106).  The Court denied the motion, stating "Despite being informed by the Court of the showing he must make for the Court to grant a motion for the issuance of a subpoena *duces tecum*, Plaintiff's motion does not specify the person or entity he is seeking documents and electronically stored information from, or the documents and electronically stored information he is seeking."  (ECF No. 109, at p. 1).

\\\

\\\

### b. The Court's Order to Show Cause

On December 9, 2019, the Court issued an order for Plaintiff to show cause why he should not be sanctioned for filing frivolous motions and misrepresenting facts to the court. (ECF No. 110). The Court reviewed the history of motions and filings and explained how Plaintiff repeatedly ignored the Court's instructions. The Court concluded: "IT IS HEREBY ORDERED that Plaintiff has twenty-one days from the date of service of this order to show cause why he should not be sanctioned for filing frivolous motions, and for misrepresenting facts to the Court. Failure to respond to this order may result in dismissal of this case." (ECF. No. 110, at p. 3).

Plaintiff asked for an extension of thirty-five days to respond in order to obtain all facts necessary to respond to the Court's order. (ECF No. 114). The Court granted Plaintiff's request. (ECF No. 116)

Plaintiff responded to the order to show cause on December 23, 2019. (ECF No. 117). Plaintiff stated that he had requested the sentencing transcripts through a CDCR Form 22 form and written to the Office of the Inspector General, and that was why he said those documents were not available without a subpoena. (Id. at 1). Thus, Plaintiff claims he should not be sanctioned. (Id. at 2).

Plaintiff's response did not address the other repeated requests for a third party subpoena, nor the motions for attendance of incarcerated witnesses.

### c. Plaintiff's Additional Motions Following Order to Show Cause

On December 16, 2019, Plaintiff filed a motion to produce documents for inspection. (ECF No. 112). Plaintiff moved to compel the Department of Corrections and the Attorney General to make available "the entire unedited personnel files of Correctional Officers Munoz and Lt. Alvarez," including psychiatric and psychological records; the names, addresses and telephone numbers of all persons who made certain types of complaints against the officers or were interviewed for any investigation of the officer; and the name and assignments of all investigators. (ECF No. 112).

The Court ordered Defendants to respond. (ECF No. 113).

Defendants filed their response on December 20, 2019.  (ECF No. 115).  Defendants stated: "Plaintiff's instant motion to compel is no more meritorious than his previous motion.  As with Plaintiff's previous motion to compel, he provides no evidence that he ever served Defendants with the purported discovery requests.  (*Id.*)  In fact, Defendants have not received any written discovery requests from Plaintiff in this case."  (ECF No. 115, at pgs. 1-2).

Plaintiff did not file a reply.

On January 6, 2020, Plaintiff filed a "Motion to Show Cause."  (ECF No. 118).  Attached is a Form 22 in which Plaintiff requested sentencing transcripts from a probation officer.

### d. The Court's Sanction Order

On May 21, 2020, the Court issued an order sanctioning Plaintiff and denying several motions.  (ECF No. 123).  The analysis from that order follows.

### i. Legal Standards

#### 1. Federal Rule of Civil Procedure 37

If a motion to compel discovery is denied, the Federal Rules of Civil Procedure require payment of expenses, including attorney's fees, by the moving party to the opposing party:

> *If the Motion Is Denied.*  If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

#### 2. Federal Rule of Civil Procedure 11

Federal "Rule [of Civil Procedure] 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (footnote omitted).  "'Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable.'" *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d

7

1515, 1516 (11th Cir. 1990).  However, a district court "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Simpson*, 77 F.3d at 1177 (citing *Warren*, 29 F.3d at 1390).

In relevant part, Rule 11 reads:

> (b) *Representations to the Court*.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> . . .
>
> (c) *Sanctions*.
>
>> (1) *In General.*  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
>
> . . .
>
>> (3) *On the Court's Initiative.*  On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>>
>> (4) *Nature of a Sanction*.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

>(5) *Limitations on Monetary Sanctions*. The court must not impose a monetary sanction:
>
>>(A) against a represented party for violating Rule 11(b)(2); or
>>
>>(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.
>
>(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed. R. Civ. P. 11.

Rule 11 sanctions may be imposed on "a showing of objectively unreasonable conduct." *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004). "Due process requires notice that the court is considering sanctions and an opportunity to be heard in opposition." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997). When considering sanctions, "the opportunity to brief the issue fully satisfies due process requirements." *Lambright v. Ryan*, 698 F.3d 808, 826 (9th Cir. 2012) (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000)).

>>ii. Application to Plaintiff's Filings

Plaintiff has now filed a number of motions to compel, motions for attendance of unincarcerated witnesses, and motions for the issuance of a third party subpoena that were not substantially justified.

The Court has already denied several of these motions. The Court finds that the following motions in particular were unwarranted, unreasonable, and not substantially justified for the reasons described above and because they violated the procedures set forth in the scheduling order as well as the Court's subsequent orders:

- Plaintiff's October 2, 2019 filing of two third party subpoenas without any motion, representing that he had requested the information from Defendants, and providing no explanation of the relevance of the documents. (ECF No. 98).
- Plaintiff's November 7, 2019 motion requesting a subpoena form to have incarcerated witnesses attend all future court hearings in this case, without

  naming the witnesses or providing any reason for their attendance.  (ECF No. 105).

- Plaintiff's November 7, 2019 motion requesting the Court to provide duces tecum subpoena without naming any person or entity, the documents he sought, or the reason why the documents are relevant.  (ECF No. 106).

The Court also denies the following pending motions and finds them to be unwarranted, unreasonable, and not substantially justified:

- Plaintiff's November 1, 2019 Motion for Subpoena Duces Tecum for certain sentencing transcripts as well as photos and written reports regarding a November 1, 2013 incident.  (ECF No. 103).  Defendants represented that they had already sent Plaintiff the incident report and photos before Plaintiff filed his motion.  Regarding the sentencing transcripts, Defendants stated that Plaintiff had not requested them in discovery, that Defendants did not have them in their possession, custody, or control, and that they were not relevant to this case in any event.  (ECF No. 107).  Plaintiff's only response is to show that he submitted a Form 22 to his institution for the sentencing transcripts.  A Form 22 request to the institution is not a discovery request on Defendants.  He does not show that he requested the remaining documents from Defendants.  Plaintiff also does not deny he already received certain documents from Defendants.  He also does not explain why sentencing transcripts from a separate criminal case are relevant to this dispute.

- On December 16, 2019, Plaintiff's December 16, 2019 Motion to Produce Documents for Inspection, (ECF No. 112), moving to compel Defendants to produce "the entire unedited personnel files of Correctional officers Munoz and Lt. Alvarez."  Plaintiff did not request these documents from Defendants in discovery before filing a motion to compel.[2]

---

[2] It also appears that the requests should be denied in part if not in full as being inadmissible under Rule 404 ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that

10

The Court also denies Plaintiff's January 6, 2020 "Motion to Show Cause," (ECF No. 118), because it does not request any action from the Court.  Rather, it appears to relate to Plaintiff's response to the Court's order to show cause.  (Id.).

Accordingly, and based on the Federal Rule of Civil Procedure 37, the Court orders Plaintiff to pay Defendants their reasonable expenses in opposing the filings at ECF Nos. 98, 103, 105, 106, and 112.

If Plaintiff fails to pay this monetary sanction within the time set forth below, the Court will recommend dismissal of this lawsuit under Rule 11.

### e. Plaintiff's Responses to the Court's Sanction Order

Plaintiff did not pay the sanction, which, in total, was $440 (ECF No. 134).  Instead, on June 12, 2020, Plaintiff filed responses to the Court's sanction order, arguing that he should not be sanctioned.  (ECF Nos. 126 & 127).  Additionally, Plaintiff alleges that he cannot afford to pay the sanction as required.  (ECF No. 126, at p. 3).

## II. DISCUSSION

### a. Rule 11

Plaintiff was already given an opportunity to show cause why he should not be sanctioned, Plaintiff already filed his response (ECF Nos. 117 & 118), and his responses have already been addressed (ECF No. 123).

Even if the Court were to address Plaintiff's responses as if they were timely filed in response to the order to show cause, it would not change the outcome.  Plaintiff does attempt to explain why he filed certain motions, and why those motions were relevant.  Plaintiff also alleges that he has never failed to respond to a motion deadline and that he has complied with every court order to the best of his ability and knowledge (Plaintiff alleges that he has a low grade point average, a lack of education, and little knowledge of legal issues).  Finally, Plaintiff asks the Court for the opportunity to properly re-file the motions and subpoenas before the

---

on a particular occasion the person acted in accordance with the character.").  As the merits of the request were not fully briefed, the Court declines to decide whether such discovery would be permitted if Plaintiff correctly filed a motion.

Court determines that Rule 11(b) has been violated.

Even in his additional responses Plaintiff still does not adequately explain why, in his filings, he failed to follow the Court's instructions on numerous occasions.

For instance, the Court repeatedly explained to Plaintiff how to properly request a subpoena duces tecum. (*See, e.g.*, ECF No. 86, at pgs. 3-4; ECF No. 93; & ECF No. 99). However, despite the Court's orders, Plaintiff continued to file motions for a subpoena duces tecum in violation of those orders. Plaintiff does not explain why he failed to follow the instructions in the Court's orders when repeatedly requesting the issuance of a subpoena duces tecum.

As another example, Plaintiff alleges that, with respect to his motion for attendance of witnesses, Plaintiff provided the Court with the names of the inmate witnesses, as well as their CDCR numbers, as he was told to do. (ECF No. 126, at pgs. 1-2). This is true as to his first motion for attendance of witnesses (ECF No. 87). However, this motion was denied, in part because Plaintiff failed to follow the remainder of the instructions, which required Plaintiff to provide a declaration showing that each witness has actual knowledge of relevant facts. (ECF No. 92). Plaintiff then filed a second motion, (ECF No. 105), which appears to have violated this Court's order telling Plaintiff not to re-file the motion until, at the earliest, "ninety days before the Telephonic Trial Confirmation Hearing, which is currently scheduled for January 7, 2021," (ECF No. 92, at p. 2). In this second motion Plaintiff clearly did not name any witnesses, did not provide any reason for their attendance, and did not include any declarations showing that each witness has actual knowledge of relevant facts.

Plaintiff also alleges that he did in fact file discovery requests for Defendants' personnel files, and that Defendants are lying when they say that he did not file a request. However, Plaintiff does not allege when he served these requests, or provide a proof of service to show that the requests were properly served before he filed the motion to compel.

As to Plaintiff's allegations regarding a low grade point average, a lack of education, and little knowledge of legal issues, these are conclusory allegations and do not adequately explain why Plaintiff failed to follow instructions that the Court provided, on some occasions

repeatedly. Moreover, Plaintiff's allegation that he has little knowledge of legal issues is denied by the fact that, according to public records available on PACER, Plaintiff has filed over fifty civil cases and over twenty appeals.

Accordingly, for the reasons described above, the Court will recommend that this action be dismissed under Rule 11. The Court will not give Plaintiff another opportunity to re-file his motions because the Court already gave Plaintiff numerous opportunities to file the motions correctly.[3]

### b. Dismissal for Failure to Comply with Court Orders

Alternatively, the Court will recommend dismissal because of Plaintiff's repeated failure to comply with court orders.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.... It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. As described in detail above, Plaintiff has repeatedly failed to comply with this Court's orders. These failures are interfering with docket management. Therefore, the second factor weighs heavily in favor of dismissal.

---

[3] The Court notes that the unwarranted, unreasonable, and not substantially justified filings continue. On June 22, 2020, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 128). As Plaintiff is already proceeding *in forma pauperis* (ECF No. 4), there was no reason for Plaintiff to file this motion, and it will be denied as moot.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and Plaintiff's failure to comply with court orders has caused some delay. However, the delay appears to be slight. Thus, at most, this factor weighs only slightly in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The Court attempted to utilize a monetary sanction of $440, which reflected the reasonable expenses Defendants incurred in opposing certain of Plaintiff's filings,[4] but Plaintiff has alleged that he is unable to pay the sanction as required. Thus, monetary sanctions appear to be of no use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

### III. RECOMMENDATIONS AND ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. This action be dismissed;
2. All outstanding motions be denied as moot; and
3. The Clerk of Court be directed to close this case.[5]

These findings and recommendations are submitted to the United States district judge

---

[4] The expenses consisted of two hours of attorney billing time at $220 per hour. (ECF No. 124, at p. 2).

[5] While Plaintiff states that he has no money in his trust account or a spouse to support him, Plaintiff asks that, if he is required to pay, he be allowed to make installment payments. (ECF No. 117, at p. 3). If Plaintiff files a response stating that he is able to pay the sanction in full within six months and includes the first installment payment of $73.34 with his response, the Court will vacate these findings and recommendations. However, if Plaintiff fails to pay the remainder of the installment payments, the Court would re-issue these findings and recommendations.

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

       Additionally, IT IS ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 128) is DENIED as moot.

IT IS SO ORDERED.

Dated:   **June 22, 2020**            /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE