UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MUNOZ and ALVAREZ,<br><br>　　　　　Defendants. | No. 1:14-cv-00976-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 123, 129) |

　　　　On June 23, 2014, plaintiff Guillermo Cruz Trujillo, a state prisoner, brought this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 for violation of his constitutional rights. (Doc. No. 1.)  The assigned magistrate judge has had a long and clearly frustrating period of time attempting to manage plaintiff's participation in the discovery phase of this litigation.  It began with plaintiff's failure to send initial disclosures or file a scheduling conference statement for the January 7, 2019 initial scheduling conference in this action.  (Doc. No. 129 at 2) (citing Doc. No. 47.)  After plaintiff's repeated failure to follow the magistrate judge's instructions on how to properly conduct discovery and his filing of frivolous discovery motions despite being warned not to do so, the magistrate judge, on May 21, 2020, imposed $440 in monetary sanctions against plaintiff under Federal Rule of Civil Procedure 11(b).  (*Id.* at 2-5) (citing Doc. Nos. 110, 123).

　　　　After the monetary sanctions were imposed, plaintiff sought to be relieved from those sanctions by arguing that his motion filings were proper, even though the magistrate judge had

1

1    repeatedly explained to him otherwise.  (*Id.* at 12.)  Plaintiff failed to pay the sanctions as
2    ordered—and still has not done so.  *See also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir.
3    1994) (holding that the inability to pay sanctions cannot be ground for not imposing sanctions
4    because such ground "would effectively place all unrepresented parties beyond the reach of Rule
5    11.").  For this reason, the magistrate judge ultimately recommended, on June 22, 2020, that
6    plaintiff's case be dismissed as a further sanction.  (Doc. No. 129 at 13-15.)  In the alternative, if
7    plaintiff agreed to pay the sanctions imposed in his objections or response by the time the pending
8    findings and recommendations were considered by the undersigned, the magistrate judge urged
9    the undersigned to instead vacate the findings and recommendations and set an installment plan
10   for plaintiff to pay the monetary sanctions.  (*Id.* at 14 n. 5.)  Yet, as his July 8, 2020 objections to
11   the pending findings and recommendations indicate, plaintiff still refuses to pay the sanctions
12   imposed as a result of his discovery abuses and continues to raise the same arguments the
13   magistrate judge has repeatedly addressed and rejected.  (Doc. No. 134; *see also* Doc. No. 123.)
14   On July 13, 2020, plaintiff again filed three more discovery motions—the same ones as those the
15   magistrate judge had previously considered and denied.  (Doc. Nos. 135-37.)  Given plaintiff's
16   conduct in this case, the court is left with no choice but to conclude that he is not willing to follow
17   this court's instructions or orders, including its sanctions orders, seriously.

18         Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de*
19   *novo* review of this case in light of relevant law.  The court notes that the magistrate judge
20   properly weighed the five relevant factors in considering the recommendation of dismissal as a
21   sanction and concluded that the recommendation of dismissal was appropriate.  (*See* Doc. No.
22   129.)  First, "the public has an overriding interest in securing 'the just, speedy, and inexpensive
23   determination of every action.'"  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d
24   1217, 1227 (9th Cir. 2006) (quoting Fed. R. Civ. P. 1.)  Plaintiff's misconduct, however, has
25   caused a "delay in reaching the merits" and has made the judicial process more "costly."  *Id.*
26   (alteration in original).  Second, plaintiff's misconduct has interposed on the court's inherent
27   power to control its dockets and has made managing the case impossible.  *Id.*  Third, as a result
28   plaintiff's misconduct, defendants have suffered prejudice and their "ability to go to trial" has

been utterly impaired. *Id.* at 1227–28.  Fourth, "public policy favoring disposition of cases on their merits" does not counsel against dismissal here because plaintiff's misconduct has made it impossible to "move forward toward resolution on the merits." *Id.* at 1228.  Fifth, lesser sanctions would not rectify plaintiff's misconduct because plaintiff continues to refuse to pay the sanctions imposed and also continues to file frivolous discovery motions—even after the magistrate judge had recommended that this case be dismissed.  *See id.* at 1228–29.  "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Accordingly, the court hereby orders:

1. The findings and recommendations (Doc. No. 129) issued by the magistrate judge on June 22, 2020, are ADOPTED IN FULL;
2. This action is DISMISSED;
3. All outstanding motions (Doc. Nos. 135-37) are DENIED as moot; and
4. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **July 31, 2020**                               ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                                        UNITED STATES DISTRICT JUDGE

3